UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TheraPearl, LLC, | CASE NO. |
| Plaintiff, | |
| vs. | JUDGE |
| Fourstar Group USA, Inc. and Fourstar Group, LLC, | **COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff, TheraPearl, LLC ("TheraPearl") by and for its complaint against Fourstar Group USA, Inc. and Fourstar Group, LLC (collectively "Fourstar"), hereby states as follows:

### THE PARTIES

1.      TheraPearl, LLC is a Delaware limited liability company with its principal place of business at 9305 Gerwig Lane, Suite Q, Columbia, Maryland 21046. Among other things, TheraPearl developed and, with the help of its Ohio-based parent company, markets, sells, and offers for sale a first-of-its-kind hot and cold temperature spherical gel bead treatment pack in various designs under the federally-registered trademark TheraPearl®.

2.      Upon information and belief, defendant Fourstar Group USA, Inc.is a Delaware corporation registered to do business in Ohio with a place of business at 26840 Fargo Ave., Suite C, Bedford Heights, OH 44146.

3.      Upon information and belief, defendant Fourstar Group, LLC, is an Ohio limited liability company with its principal place of business at 26840 Fargo Ave., Suite C, Bedford Heights, OH 44146.

4.      Upon information and belief, Defendants Fourstar Group USA, Inc. and Fourstar Group, LLC have acted jointly to create, manufacture, market, ship, sell, offer for sale, and distribute the infringing products described below in such a way as to render them jointly and severally liable for the acts complained of herein.

5.      Alternatively, upon information and belief, Defendants Fourstar Group USA, Inc. and Fourstar Group, LLC, or each of them, has the right and ability to control the infringing actions of the other; and derives a direct financial benefit from the infringement complained of herein.

6.      Alternatively, upon information and belief, Defendants Fourstar Group USA, Inc. and Fourstar Group, LLC, or each of them, knew of the other's infringement; and materially contributed to and/or induced the infringement.

7.      For the purposes of this Complaint, Defendants Fourstar Group USA, Inc. and Fourstar Group, LLC are referred to collectively and individually as "Fourstar" or "Defendants."

## JURISDICTION

8.      Jurisdiction over the underlying controversy arises under Section 39(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1121(a) and the Judicial Code, 28 U.S.C. §§1331, 1338(a), 1338(b) and 1367.

9.     Upon information and belief, Fourstar is amenable to the personal jurisdiction of this Court because each entity is located in this State and/or regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; and the causes of action alleged herein arise from Defendants', directly or through their agent(s), transacting business in this state, causing tortious injury by acts or omissions in this state, and/or causing tortious injury in this state by an act or omission outside this state.

10.     Upon information and belief, all or a substantial portion of Fourstar's infringing activities took place in Ohio, including the creation, manufacture, marketing, shipment, sale, offer for sale, and distribution of the infringing products described below.

11.     Upon information and belief, Fourstar purposefully avails itself of the privilege of doing business in Ohio, including but not limited to, by soliciting business in Ohio, by advertising or promoting its goods (including the infringing goods) to citizens of Ohio, and by shipping goods (including the infringing goods) to Ohio for eventual sale to or by Ohio residents.

12.     Venue is proper in this District because, upon information and belief, the infringement and other acts complained of herein occurred within this District and Fourstar is subject to personal jurisdiction in this District.

## THE THERAPEARL TRADEMARKS AND TRADE DRESS

13.     TheraPearl has trademark rights in the mark THERAPEARL and several Pearl design marks, and corresponding trade dress rights in its product and packaging designs.

14.     TheraPearl has U.S. trademark registrations 3,720,979; 4,130,678; and 4,226,574 for the marks THERAPEARL, THERAPEARL PALS, and THERAPEARL TECHNOLOGY in connection with heatable and freezable bead filled therapeutic packs. TheraPearl holds U.S.

trademark registration nos. 4,352,396 and 4,352,397 for images of a single bead and plural beads respectively. TheraPearl asserts trade dress rights in various non-functional and inherently distinctive elements of its packaging including but not limited to the presence of a circular poke hole allowing the purchaser to view and touch the beads within the package and use of the colors blue and red.

15.     TheraPearl also claims rights to the non-functional, ornamental appearance of its gel beads, both their general shape and dimension and the use of color and clear-sided packs so that the beads are visible to the consumer, and has notified and continues to notify the public of its trade dress claims by including the following statement, or its substantial equivalent, on its products and packaging:

> OUR PEARLS ARE OUR TRADEMARK. LOOK FOR THE DISTINCTIVE, ORNAMENTAL APPEARANCE OF OUR PEARLS AS A SIGN OF OUR QUALITY.

16.     In addition to the above language, TheraPearl also includes the following statement on its product packaging:

> THERAPEARL, LLC CLAIMS AND/OR RESERVES ALL RIGHTS IN THE ORNAMENTAL APPEARANCE OF ITS PRODUCTS AS PRODUCT CONFIGURATION.

17.     For more than seven years, TheraPearl has been the substantially exclusive source of see-through ornamental spherical gel bead hot and cold packs. TheraPearl has spent millions of dollars promoting and selling its products, including their unique product configuration, and has earned awards and numerous media mentions highlighting those aspects.

18.     As a result of TheraPearl's widespread promotion, advertising, and continuous use, the TheraPearl trademarks and trade dress have acquired significant brand recognition and a valuable reputation.  The TheraPearl trademarks and trade dress have become widely and favorably known to the public throughout the United States and have become recognized by

consumers as identifying TheraPearl's products.  The TheraPearl trademarks and trade dress are thus strong source indicators of TheraPearl's products through long-standing, far-reaching use.

<u>**FOURSTAR'S INFRINGING PRODUCT**</u>

19.     Recently, Fourstar began distributing a competing hot and cold gel bead pack product under the name "TheraPlus" using the same advertising, promotion and distribution channels as TheraPearl.

20.     Fourstar's sale of a hot and cold gel bead pack product under the name TheraPlus, shown below, contains the same root word as TheraPearl's registered marks coupled with a word beginning with the same consonant "P", which gives the TheraPlus a similar sound and appearance to TheraPearl's registered marks.

 

21.     Fourstar has flouted TheraPearl's notice of its trademark and trade dress rights and, as shown below, adopted a rectangular bead pack of identical shape and proportion to TheraPearl's rectangular bead pack. Fourstar's hot and cold pack is transparent to display the beads. The beads themselves have a highly similar appearance, and the packaging incorporates distinctive elements of TheraPearl's packaging including the red and blue color scheme and a poke hole.



22.     On its packaging, Fourstar has adopted the same bead imagery found in TheraPearl's U.S. Trademark registrations, and gone so far as to employ the same lighting and shadow effect as the TheraPearl bead image, as shown below.



23.     These striking similarities lead to the conclusion that Fourstar's hot and cold gel bead pack product was intentionally designed to trade off of the good will and market created by TheraPearl and otherwise is a deliberate effort to infringe TheraPearl's trademark rights and unfairly compete with TheraPearl.

24.     Fourstar's adoption of identical and confusingly similar trademarks and trade dress on identical products and its offering of the products for sale to the same customers using the same distribution channels are likely to lead consumers to believe that Fourstar's products are authorized by or otherwise associated with TheraPearl.

25.     Upon information and belief, Fourstar was well aware of the reputation and goodwill associated with TheraPearl's trademarks and trade dress and intentionally attempted to attract the custom and benefit of same to itself through its conduct.

26. Upon information and belief, by virtue of Fourstar's unlawful association of its business with TheraPearl's trademarks and trade dress, it is attempting to unlawfully enhance the sale of its products.

27. As a result of its actions, Fourstar has misled the public into believing that its products are connected with TheraPearl, and/or are licensed, endorsed and/or approved by TheraPearl.

28. TheraPearl has been damaged by Fourstar's infringement and unfair competition in an amount not easily calculated but in any event exceeding $75,000.

## COUNT ONE

### Federal Unfair Competition [15 U.S.C. § 1114]

29. TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

30. This claim arises under the Lanham Act, particularly under 15 U.S.C. § 1114.

31. Fourstar's use of the substantially similar trademark, TheraPlus, and bead design on its packaging constitutes infringement of TheraPearl's U.S. trademark registrations 3,720,979; 4,130,678; and 4,226,574 for the marks THERAPEARL, THERAPEARL PALS, and THERAPEARL TECHNOLOGY and U.S. trademark registration nos. 4,352,396 and 4,352,397 for images of a single bead and plural beads respectively.

32. Fourstar's actions constitute false designation of origin or sponsorship of its products and tends falsely to represent that Fourstar's products originate from TheraPearl or that Fourstars' products and/or Fourstar has been sponsored, approved, or licensed by TheraPearl or is in some way affiliated or connected with TheraPearl. Such conduct is likely to confuse, mislead and deceive customers, purchasers, and members of the public as to the origin of Fourstar's products or cause said persons to believe that those products and/or Fourstar has

been sponsored, approved, authorized, or licensed by TheraPearl or are in some way affiliated or connected with TheraPearl, all in violation of 15 U.S.C. § 1114

33. Upon information and belief, Fourstar's actions were done and continue to be done willfully, with full knowledge of TheraPearl's exclusive rights in its federally registered trademarks and with the express intent to cause confusion and to mislead and deceive the purchasing public.

## COUNT TWO

### Federal Unfair Competition [15 U.S.C. § 1125(a)]

34. TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

35. This claim arises under the Lanham Act, particularly under 15 U.S.C. § 1125(a).

36. TheraPearl's trade dress, including its distinctive packaging and product configuration, is non-functional and has achieved secondary meaning. The public generally associates and identifies the TheraPearl trade dress with TheraPearl.

37. Fourstar's use of infringing trade dress constitutes false designation of origin or sponsorship of its products and tends falsely to represent that Fourstar's products originate from TheraPearl or that Fourstar's products and/or Fourstar has been sponsored, approved, or licensed by TheraPearl or is in some way affiliated or connected with TheraPearl. Such conduct is likely to confuse, mislead and deceive Fourstar's customers, purchasers, and members of the public as to the origin of Fourstar's products or cause said persons to believe that those products and/or Fourstar has been sponsored, approved, authorized, or licensed by TheraPearl or are in some way affiliated or connected with TheraPearl, all in violation of 15 U.S.C. § 1125(a).

38.     Upon information and belief, Fourstar's actions were done and continue to be done willfully, with full knowledge of TheraPearl's exclusive rights in its trade dress and with the express intent to cause confusion and to mislead and deceive the purchasing public.

## COUNT THREE

### Unfair Competition Under Ohio Common Law

39.     TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

40.     This claim arises under the common law of the State of Ohio.

41.     Fourstar's acts as alleged above constitute unfair competition in violation of Ohio common law.

42.     Upon information and belief, Fourstar's knowing, intentional, and willful acts as alleged above were committed in bad faith with the intent to cause, and upon information and belief have caused, confusion and mistake—namely, deceiving purchasers as to the source, origin, or sponsorship of Fourstar's goods such that the public is likely to believe that Fourstar's products emanate from, are sponsored or licensed by, or are in some other way connected and/or associated with TheraPearl, in violation of Ohio common law.

## COUNT FOUR

### Deceptive Trade Practices in Violation of Ohio Rev. Code §§ 4165.01-.04

43.     TheraPearl reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

44.     This claim arises under Ohio Rev. Code §§ 4165.01-.04.

45.     Fourstar's intentional and willful acts as alleged above constitute deceptive trade practices pursuant to Ohio Rev. Code § 4165.02, in that Fourstar's use of the Infringing Trade

Dress amounts to passing off of its products as those of TheraPearl; causes likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Fourstar's goods; and causes likelihood of confusion or misunderstanding as to Fourstar's affiliation, connection, or association with TheraPearl.

**WHEREFORE,** TheraPearl requests that the Court:

1.      Grant a permanent injunction restraining and enjoining Fourstar and any and all principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns of Fourstar, and all those in privity, concert or participation with Fourstar and all those who receive actual notice of the order, from:

> (i).     directly or indirectly infringing TheraPearl's trademarks and trade dress in any manner, including generally, but not limited to, manufacturing, distributing, advertising, selling, and/or offering for sale and distribution any goods or services that infringe TheraPearl's trademarks and trade dress, and specifically:

>> a.     using the trademark TheraPlus, or any other confusingly similar variant of TheraPearl, a depiction of a gel bead, or any other confusingly similar variant of the TheraPearl bead design marks, and/or any reproduction, counterfeit, copy, or colorable imitation of the TheraPearl packaging and/or product configuration trade dress in connection with the manufacture, distribution, advertising, sale, offering for sale, and/or other use of heatable and freezable bead filled therapeutic packs;

>> b.     applying the trademark TheraPlus, or any other confusingly similar variant of TheraPearl, a depiction of a gel bead, or any other

confusingly similar variant of the TheraPearl bead design marks, and/or any reproduction, counterfeit, copy, or colorable imitation of the TheraPearl packaging and/or product configuration trade dress to any label, sign, print, package, wrapper, receptacle, or advertisement used in connection with the manufacture, distribution, sale, and/or offering for sale, of heatable and freezable bead filled therapeutic packs;

(ii)     using any trademark, trade name, trade dress, logo, design or domain name that tends falsely to represent that or is likely to confuse, mislead, or deceive purchasers, Fourstar's customers, or members of the public to the effect that goods manufactured, distributed, advertised, sold and/or offered for sale by Fourstar originate from TheraPearl, or that said goods have been sponsored, approved, or licensed by or associated with TheraPearl or are in some way connected or affiliated with TheraPearl;

(iii)    engaging in any conduct that tends falsely to represent that; or is likely to confuse, mislead, or deceive purchasers, Fourstar's customers, and/or members of the public to the effect that the actions of Fourstar or Fourstar itself is sponsored, approved, or licensed by TheraPearl, or is in some way connected or affiliated with TheraPearl;

(iv)    affixing, applying, or annexing to or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words,

-11-

domain names or other symbols, tending to falsely describe or represent such goods or services as being those of TheraPearl;

(v)      otherwise competing unfairly with TheraPearl in any manner;

(vi)     destroying or otherwise disposing of any of the hereinabove mentioned products, or any documents pertaining to them or their acquisition or to any sales or transfer thereof heretofore made; and

(vii)    assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

2.      Find that Fourstar has infringed TheraPearl's trademarks and trade dress in violation of federal law by the acts complained of herein.

3.      Find that Fourstar has infringed TheraPearl's common law rights to the TheraPearl trademarks and trade dress and competed unfairly in violation of federal law by the acts complained of herein.

4.      Find that Fourstar has utilized false designations of origin and/or false descriptions in violation of federal law by the acts complained of herein.

5.      Find that Fourstar has competed unfairly in violation of Ohio common law by the acts complained of herein.

6.      Find that Fourstar has committed deceptive trade practices in violation of Ohio statutory law by the acts complained of herein.

7.      Issue an order requiring Fourstar and any and all principals, officers, agents, servants, employees, attorneys, successors, and assigns, and all those in active privity or concert with Fourstar who receive actual notice of said order, to deliver to TheraPearl for destruction all

-12-

infringing goods in their possession or under their control which bear the infringing trademarks and trade dress or any unauthorized simulations, copies or colorable imitations of TheraPearl's trademarks and trade dress.

   8. Issue an order requiring recall of any infringing goods sold and requiring Fourstar to issue written notices to all those previously offered the infringing goods and those to whom the infringing goods have been sold notifying them of the injunction.

   9. Require Fourstar to disseminate corrective advertising, at Fourstar's expense and subject to TheraPearl's approval, that informs consumers, the trade and the public at large of Fourstar's unlawful conduct as complained of herein and of the judgment requiring Fourstar to cease such unlawful conduct, and/or require Fourstar to pay TheraPearl's costs in producing and disseminating such corrective advertising.

   10. Direct Fourstar to file with this Court and serve on counsel for TheraPearl, within thirty (30) days after entry of the Injunction, a written report under oath setting forth in detail the manner in which Fourstar has complied with the foregoing paragraphs.

   11. Award to TheraPearl its attorneys' fees, due to the exceptional nature of this case, and all of TheraPearl's costs and expenses of litigation, pursuant to 15 U.S.C. § 1117(a).

   12. Award to TheraPearl its attorneys' fees, due to Fourstar's knowing and willful commission of deceptive trade practices, pursuant to Ohio Rev. Code § 4165.03(B).

   13. Grant to TheraPearl such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

   Pursuant to Fed. R. Civ. P. 38(b) and N.D. Ohio Civ. R. 38.1, TheraPearl hereby demands a jury trial on all issues so triable.

Dated:   February 8, 2016                         Respectfully submitted,


                                                  /s/ Christina J. Moser
                                                  Christina J. Moser (0074817)
                                                  Baker & Hostetler LLP
                                                  Key Tower
                                                  127 Public Square, Suite 2000
                                                  Cleveland, OH 44114-1214
                                                  Telephone: 216.621.0200
                                                  Facsimile: 216.696.0740
                                                  Attorneys for TheraPearl, LLC